UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THORNTON-BURNS OWNERS
CORPORATION,

                        Plaintiffs,

        -against-

ERWIN NAVAS and MAYRA NAVAS
(a/k/a MAYRA RIVAS),

                        Defendants.

------------------------------------------------------------------x
ERWIN NAVAS and MAYRA NAVAS
(a/k/a MAYRA RIVAS),

                        Counter-Claim Plaintiffs,

        -against-

Douglas Elliman Property Management, *et al.*,

                        Counter-Claim Defendants,

------------------------------------------------------------------x

Not for Publication

**MEMORANDUM & ORDER**
13-CV-4241 (PKC) (VMS)

PAMELA K. CHEN, United States District Judge:

      The Court previously denied defendants/counter-claim plaintiffs' Erwin and Mayra Navas's (the "Navases") motion to remand this case to state court because the Navases had counterclaimed against the United States, which, in turn, had properly removed to this Court under 28 U.S.C. § 2679 and § 28 U.S.C. 1442. (See Memorandum & Order dated 4/19/14, [40]). The Navases subsequently stipulated to dismiss with prejudice any claim against any federal defendant, ostensibly so the Court would remand this case to state court. (See [56], [59].) The only remaining federal question in this case is the Navases federal RICO counter-claim. The Supreme Court has made clear that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under'

jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys*., Inc., 535 U.S. 826, 831 (2002). Although the Court is sympathetic to counter-claim defendants' concern about undue delay given the seemingly frivolous nature of the pending RICO counter-claim, the Court does not have discretion to keep a case, as here, over which it has no jurisdiction. 28 U.S.C.A. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") For that reason, the Navases' motion to remand [62] is granted. The case is remanded to New York Supreme Court, Queens County. All pending motions will be terminated.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 26, 2014
    Brooklyn, New York